**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| TERRY E. SEEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-CV-01171-BCW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #2). Defendant seeks to dismiss this matter because it was untimely filed. The Court being duly advised of the premises, for good cause shown, and for the grounds argued by Defendant, grants said Motion.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* prior to March 4, 2011. See Doc. #1. On March 4, 2011, an Administrative Law Judge issued a decision finding Plaintiff was not disabled. Id. On July 9, 2012, the Appeals Council of the Social Security Administration denied Plaintiff's request for review of the Administrative Law Judge's decision. Id. Plaintiff received the Appeals Council's Order on July 16, 2012, and Plaintiff filed the Complaint in this matter on September 13, 2012. Id.

## MOTION TO DISMISS STANDARD

The standard governing motions to dismiss is well-settled. When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual

- 1 -

allegations and view them in the light most favorable to the [nonmoving party]" and must also draw all reasonable inferences in favor of the nonmoving party. Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008) (citation omitted). However, the Court may dismiss a complaint if it is beyond doubt that no relief can be granted under any set of facts that could be proved consistent with the complaint. See Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 464 (8th Cir. 2002); Breedlove v. Earthgrains Baking Cos., 140 F.3d 797, 799 (8th Cir. 1998).

## DISCUSSION

The Court finds dismissal of this matter is proper. After a final decision by Defendant, an individual may commence a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . ." 42 U.S.C. § 405(g). Defendant has interpreted Section 405(g) to require a civil action to be filed within sixty (60) days from the date the individual receives Defendant's final decision. See 20 C.F.R. §§ 422.210(c), 404.981. The date of receipt is presumed to be five (5) days after the date of the final decision, unless there is a reasonable showing to the contrary **made to** the Appeals Council. See 20 C.F.R. §§ 404.901, 422.210(c).

In this matter, the Appeals Council's decision was dated July 9, 2012. Thus, Plaintiff was required to commence a civil action on or before September 12, 2012, which is sixty-five (65) days from July 9, 2012. However, Plaintiff filed his Complaint on September 13, 2012. Even though Plaintiff received the Appeals Council's Order seven (7) days after the date of the final decision, Plaintiff must request an extension of time to file a civil action from the Appeals Council, not the Court, and the record before

Case 4:12-cv-01171-BCW   Document 3   Filed 01/11/13   Page 2 of 3

the Court is void of any such request.  Further, the Court has not been presented with any argument or evidence demonstrating waiver, estoppel, or equitable tolling applies so as to render Plaintiff's claims timely.  While the Court recognizes Plaintiff filed his Complaint one day after the 65-day limitation ran, Plaintiff failed to follow proper procedure and, thus, his Complaint is untimely.

## CONCLUSION

Plaintiff's Complaint is barred because it was untimely filed for judicial review. Accordingly, it is hereby ORDERED Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #2) is GRANTED.  It is further

ORDERED this matter shall be dismissed without prejudice.

IT IS SO ORDERED.


DATED: January 11, 2013

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT